VALERIE TOOHEY O'DELL, SBN 101999
valerie@odell-law.com
O'DELL LAW OFFICES
3017 Douglas Blvd., Suite 300
Roseville, CA 95661
Telephone: (916) 774-7532
Facsimile: (916) 357-7391

Attorney for Plaintiff
KENDALL MEMBRENO

[Counsel Continued on Page 2]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| KENDALL MEMBRENO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WAL-MART STORES, INC., GHAYDA ALRASS; JEVONNE SERVICE, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:15-CV-01900-WBS-CMK<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Judge:　Hon. William B. Shubb<br><br>Trial Date:　　May 9, 2017 |

DANIELLE OCHS, SBN 178677
dot@ogletreedeakins.com
BECKI D. GRAHAM, SBN 238010
becki.graham@ogletreedeakins.com
DANIELLE A. HINTON, SBN 273469
danielle.hinton@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870

Attorneys for Defendants
WAL-MART STORES, INC.; and JEVONNE SERVICE

HANSON BRIDGETT LLP
JAHMAL T. DAVIS, SBN 191504
jdavis@hansonbridgett.com
GILBERT J. TSAI, SBN 247305
gtsai@hansonbridgett.com
JENNIFER A. FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

Attorneys for Defendant
GHAYDA ALRASS

CASE NO. 2:15-CV-01900-WBS-CMK
[PROPOSED] STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

Plaintiff, KENDALL MEMBRENO ("Plaintiff") and Defendants WAL-MART STORES, INC., GHAYDA ALRASS, and JEVONNE SERVICE (together, the "Parties"), by and through their counsel, agree as follows:

1. The purpose of this Protective Order ("Order") is to create a mechanism to protect and safeguard the disclosure and use of private personnel and medical records, documents/information. This Order is intended to regulate the handling and use of documents, information, and testimony throughout the discovery process and up to and including the trial and final disposition of the above-captioned action ("Action").

2. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## DESIGNATION OF CONFIDENTIAL INFORMATION

3. A Party, or any third party responding to a subpoena, may designate all or portions of any document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms of this Order. "CONFIDENTIAL" Information includes for purposes of this Order, any information a Party believes in good faith to be Confidential Information, or any document containing such information.  Confidential Information means confidential and proprietary business and financial information, and confidential personal information, including, without limitation:  (1) non-public information about any individual or individuals, including personnel records, evaluations, compensation levels, databases, surveys, statistical analysis, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; (2) non-public information about any client or customer of Defendant Wal-Mart, including financial information; and (3) information and documents regarding Defendant Wal-Mart's compensation practices, hiring and training practices, policies and procedures, products, selling and marketing practices, disciplinary practices, programs and agreements, and private information regarding Defendant Wal-Mart's current and former agents, employees and customers.

4.	A Party, or any third party responding to a subpoena, may designate all or portions of any document, thing, material, testimony or other information derived therefrom as "ATTORNEYS' EYES ONLY" so long as the Designating Party has a good faith belief that the information is trade secret or otherwise contains highly sensitive confidential and/or proprietary information not generally known to the public.  No documents or information designated "ATTORNEYS' EYES ONLY" shall be disclosed to any party to this action, any third-party, or to any officer, director, or employee of any party or third-parties, except by written stipulation of the parties or by order of the Court.  "ATTORNEYS' EYES ONLY" information may only be disclosed to qualified persons as defined in paragraph 14.

5.	The Parties agree to take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  The Parties will act in good faith in determining whether information is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Information.

6.	Information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("Protected Material") shall be so designated by stamping or otherwise marking copies of the document, information, information, or material produced with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Stamping or otherwise marking the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multi-page document shall designate all pages of the document and the entire content as "CONFIDENTIAL" or  "CONFIDENTIAL – ATTORNEYS' EYES ONLY", and marking on a label on any electronic storage medium shall designate the contents of such electronic storage medium CONFIDENTIAL INFORMATION. Designating Parties shall label Protected Material as narrowly and specifically as possible.

7.	For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition or other pretrial or trial proceedings, all protected testimony, and further specify any portions of the testimony that it intends to designate as "CONFIDENTIAL" or "ATTORNEYS'

1  EYES ONLY." When it is impractical to identify separately each portion of testimony that is
2  entitled to protection, and when it appears that substantial portions of the testimony may qualify for
3  protection, the Party or nonparty that sponsors, offers, or gives the testimony may invoke on the
4  record (before the deposition or other pretrial or trial proceedings, are concluded) a right to have up
5  to thirty (30) days to identify the specific portions of the testimony as to which
6  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" protection is sought. Only those portions
7  of the testimony that are appropriately designated for protection within the thirty (30) days shall be
8  covered by the provisions of this Order. During the pendency of the thirty-day period, and until a
9  final transcript incorporating all specified confidentiality and/or attorneys'-eyes-only designations
10 is provided by the court reporter, the Parties shall treat all portions of the testimony as
11 "CONFIDENTIAL." After the final transcript incorporating all specified confidentiality or
12 attorneys-only designations is provided by the court reporter, the Parties agree to destroy all copies
13 of any interim transcripts containing incomplete CONFIDENTIAL and/or ATTORNEYS' EYES
14 ONLY designations. Transcript pages containing Protected Material must be separately marked by
15 the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
16 "ATTORNEYS' EYES ONLY" as instructed by the Party or nonparty offering or sponsoring the
17 witness or presenting the testimony.
18     8.     Either side may designate documents, things, testimony or other information derived
19 therefrom as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as necessary to protect the
20 privacy or confidentiality of the designating Party's information by giving written notice to the
21 other Party of such a designation.
22     9.     The inadvertent or unintentional disclosure by a producing Party or nonparty of
23 materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" during the course of
24 this litigation, regardless of whether the information was so designated at the time of disclosure,
25 shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality,
26 either as to the specific information disclosed or as to any other information relating thereto or on
27 the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to
28 the extent possible, upon discovery of such inadvertent error, cooperate to restore the

1  confidentiality of the materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"
2  that was inadvertently or unintentionally disclosed including advising the Designating Party as to
3  whom such inadvertent disclosures were made.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

5  10.   Any Party may challenge a designation of "CONFIDENTIAL" or "ATTORNEYS'
6  EYES ONLY" at any time ("Challenging Party"). Unless a prompt challenge to a Designating
7  Party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is necessary to avoid
8  foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or
9  delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or
10 "ATTORNEYS' EYES ONLY" designation by electing not to mount a challenge promptly after
11 the original designation is disclosed.

12 11.   The Challenging Party shall initiate the dispute resolution process by providing
13 written notice of each designation it is challenging and describing the basis for each challenge. To
14 avoid ambiguity as to whether a challenge has been made, the written notice must recite that the
15 challenge to a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is being made
16 in accordance with this specific paragraph of the Protective Order. The parties shall attempt to
17 resolve each challenge in good faith and must begin the process by conferring directly (in voice to
18 voice dialogue; other forms of communication are not sufficient) within 14 days of the date of
19 service of notice. In conferring, the Challenging Party must explain the basis for its belief that the
20 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation was not proper and must give
21 the Designating Party an opportunity to review the designated material, to reconsider the
22 circumstances, and, if no change in designation is offered, to explain the basis for the chosen
23 designation. A Challenging Party may proceed to the next stage of the challenge process only if it
24 has engaged in this meet and confer process first or establishes that the Designating Party is
25 unwilling to participate in the meet and confer process in a timely manner.

26 12.   Any dispute relating to this Order, including a challenge to a "CONFIDENTIAL" or
27 "ATTORNEYS' EYES ONLY" designation or the inadvertent disclosure of work product or
28 attorney-client material, shall be raised with the Court pursuant to the Federal Rules of Civil

Procedure. In making or opposing any motion relating to the confidentiality designation of a document, the party seeking to maintain a document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## CONFIDENTIAL OR ATTORNEYS' EYES ONLY QUALIFIED PERSONS

13. CONFIDENTIAL INFORMATION pursuant to this Order shall be disclosed, revealed, copies or disseminated only to: (a) the Court and its personnel, empanelled jurors, any discovery referees, and any neutrals or mediators retained for alternative dispute resolution purposes; (b) the Parties; (c) counsel of record for the Parties, their associate attorneys, of counselors, paralegals, secretaries, and clerical staff; (d) the in-house counsel for any Party and their paralegals and clerical staff; (e) a witness who prepared the CONFIDENTIAL INFORMATION or is the custodian of record for the CONFIDENTIAL INFORMATION, as well as:

(f) Court or deposition reporters, videographers, photocopy services, and litigation support service professionals;

(g) Experts and consultants retained by a Party in the prosecution, defense, or settlement of this action;

(h) Any other person as to whom the Parties agree in writing or the Court orders for good cause shown, upon motion of a Party.

All those persons listed in subparts (f), (g) and (h) shall execute Exhibit A prior to receiving CONFIDENTIAL INFORMATION and counsel shall keep the records.

14. Qualified recipients of ATTORNEYS' EYES ONLY INFORMATION shall only include the following: (a) in-house counsel and (b) law firms for each party, and the secretarial, clerical and paralegal staff of each.

15. All those persons listed in Paragraphs 13 and 14 are referred to herein as "CONFIDENTIAL INFORMATION QUALIFIED PERSONS" or "ATTORNEYS' EYES ONLY

1  QUALIFIED PERSONS." The Parties shall cooperate in good faith should the need arise to
2  identify additional persons as QUALIFIED PERSONS.

3  **USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION**

4  16. CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION may be used
5  only for the purpose of prosecution, defense, discovery, mediation and/or settlement, or appeal of
6  this Action, and not for any other purpose.

7  17. Copies of CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION
8  may be reproduced, distributed or transmitted only to CONFIDENTIAL or ATTORNEYS' EYES
9  ONLY INFORMATION QUALIFIED PERSONS. Nothing in this Order shall limit the
10 CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION QUALIFIED PERSONS
11 from discussing the contents of CONFIDENTIAL or ATTORNEYS' EYES ONLY
12 INFORMATION with other CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION
13 QUALIFIED PERSONS.

14 18. Nothing in this Order shall limit a Party from using its own CONFIDENTIAL or
15 ATTORNEYS' EYES ONLY INFORMATION in any fashion.

16 19. If CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION is included
17 in any papers to be submitted in this Court, such documents or materials shall be lodged
18 conditionally under seal with the Court in compliance with the procedures set forth in the Local
19 Rules of Court. The lodging Party may either file a motion to seal such information, or may file a
20 notice of intent not to seal, pursuant to applicable Rules.

21 **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**
22 **LITIGATION**

23 20. If a Receiving Party is served with a subpoena or an order issued in other litigation
24 that would compel disclosure of any information or items designated in this action as
25 "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax
26 or electronic mail, if possible) immediately after receiving the subpoena or order. Such notification
27 must include a copy of the subpoena or court order. The Receiving Party also must immediately
28 inform in writing the Party who caused the subpoena or order to issue in the other litigation that

1  some or all the material covered by the subpoena or order is the subject of this Order.  In addition,
2  the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that
3  caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the
4  interested parties to the existence of this Order and to afford the Designating Party in this case an
5  opportunity to try to protect its confidentiality interests in the court from which the subpoena or
6  order issued.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Nothing in this Order shall prevent a Party from using or disclosing its own information as it deems appropriate without impairing the confidentiality obligations imposed upon all other Parties and persons subject to this Order.

22. In order to comply with applicable discovery deadlines, a party may be required to produce certain categories of documents that have been subject to minimal or no attorney review (the "Disclosures").  This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a) was not inadvertent by the Producing Party;

    (b) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    (c) that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d) that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

## FINAL DISPOSITION

23. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material that has not lost its "CONFIDENTIAL" designation and become available to the public. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any Protected Material.

24. Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

## GENERAL PROVISIONS

25. Third-party witnesses and the counsel of record for such third-party witnesses responding to subpoenas or during the course of a deposition of such a third-party shall have the same rights and obligations concerning CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION as set forth herein.

26. Any material breach of this Order may be addressed by appropriate motion to the Court, seeking any remedy otherwise available by law or in equity.

27. The terms of this Order shall survive the final termination of this action and shall be binding on the Parties thereafter. This Order is subject to modification by stipulation of the Parties, written agreement, or by further order of the Court or appointed discovery referee.

28. Within thirty (30) days of the termination or settlement of this action, the lawyers shall confirm in writing that all copies of the CONFIDENTIAL or ATTORNEYS' EYES ONLY

1 INFORMATION have been gathered and filed away with their respective offices for safekeeping.

2     29.    The production, use, exchange, and/or handling of the CONFIDENTIAL or
3 ATTORNEYS' EYES ONLY INFORMATION, pursuant to this Order, shall not constitute a
4 waiver of any claims or defenses. Nothing contained in this Order shall be construed to be a waiver
5 of any of the Parties of any rights to refuse to disclose information protected by any privilege or
6 other objection.

7     The foregoing is without prejudice to any of the Parties to apply to the Court for an order
8 compelling production of documents or information withheld on the ground of an asserted
9 privilege or objection. Nothing contained herein and no action taken pursuant hereto shall prejudice
10 the right of any Party to: (a) contest the alleged relevancy, admissibility, or discoverability of
11 CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION; (b) object to any discovery
12 requests on any grounds; or (c) seek an order compelling discovery with respect to any discovery
13 request. Nothing herein shall prevent any Party or other person from seeking modification of this
14 Order or from objecting to discovery that it believes to be otherwise improper.

15     The Parties may also enter into written stipulations or stipulations on the record which
16 modify the terms of this Order.

17     30.    The attorneys of record are responsible for employing reasonable measures,
18 consistent herewith, to control duplication of, access to, and distribution of copies of
19 CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION.

20     31.    Counsel agree to maintain a file of all Certifications (Exhibit A) required by this
21 Agreement.  The file containing the Certifications (Exhibit A) and the specific Certifications
22 therein shall not be available for review by opposing counsel absent agreement of the parties or an
23 order of the Court to this action determining that there is a good faith basis for the Certifications, or
24 any part of them, to be reviewed.

25     32.    Nothing in this Order abridges the right of any Party to seek its modification by the
26 Court in the future.

27     33.    By stipulating to the entry of this Order, no Party waives any right it otherwise
28 would have to object to disclosing or producing any information or item on any ground not

1 addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in

2 evidence of any of the material covered by this Order.

3      34. Each Party agrees to be bound by the terms of this Order regardless of whether it is

4 approved by the Court.  If the Court rejects this Order, each Party agrees to enter into a revised

5 Order containing any modifications required by the Court or by applicable law.  If the Parties are

6 unable to ascertain which modifications would make the Order acceptable to the Court, they shall

7 nonetheless remain bound by the terms of this Protective Order, even in the absence of its approval

8 by the Court.

9      35. The Court retains jurisdiction to make amendments, modifications, deletions, and

10 additions to this Order as it may consider appropriate from time to time, upon motion of any Party

11 or otherwise.

12      36. The provisions of this Order regarding the use or disclosure of information

13 designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will survive the termination

14 of this action, and the Court will retain jurisdiction with respect to this Order.

15 **SO STIPULATED.**

16 DATED: May 9, 2016                 O'DELL LAW OFFICES

18                          By:     /s/ Valerie Toohey O'Dell
                              VALERIE TOOHEY O'DELL
19                               Attorneys for Plaintiff KENDALL MEMBRENO
20 DATED: May 9, 2016                 HANSON BRIDGETT LLP

22                          By:     /s/ Jennifer A. Foldvary
                              JAHMAL T. DAVIS
23                               GILBERT J. TSAI
                              JENNIFER A. FOLDVARY
24                               Attorneys for Defendant GHAYDA ALRASS

25

26

27

28

DATED: May 9, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    /s/ Danielle A. Hinton
BECKI D. GRAHAM
DANIELLE A. HINTON
Attorneys for Defendants WAL-MART STORES, INC. and JEVONNE SERVICE

**ORDER**

IT IS SO ORDERED.

Dated: May 18, 2016

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the _____, for the _____, on _____, in the case of *Kendall Membreno v. Wal-Mart Stores, Inc. et al.*, Case No. 2:15-CV-01900-WBS-CMK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

24756950.1